**Jerry G. BRENNAN, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**Appeal No. 85–2477.**

United States Court of Appeals, Federal Circuit.

April 3, 1986.

Glenn W. Denham, Denham & Nagle, Middlesboro, Kentucky, argued, for petitioner.

Ronald A. Schechter, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and M. Susan Burnett. Ellen Dickstein Kominers, Office of the General Counsel, Dept. of Health and Human Services, of counsel.

Glenn R. Lawrence, President, Federal Admin. Law Judge Conference, Washington, D.C., was on brief amicus curiae.

Before MARKEY, Chief Judge, SMITH and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

This is an appeal from the decision of the Merit Systems Protection Board (Board), Docket No. HQ75218210010, 27 M.S.P.R 242 (1985), affirming the recommended decision to suspend for 60 days Jerry G. Brennan (petitioner), a Social Security Administration (agency) administrative law judge (ALJ). We affirm.

## BACKGROUND

The agency proposed the removal of petitioner on April 2, 1982, pursuant to 5 U.S.C. § 7521(a) (1982), on charges of unsatisfactory productivity and disruptive and insubordinate conduct. In accordance with 5 C.F.R. § 1201.132 (1982), the Board designated an ALJ as presiding official to hear the case and to issue a recommended decision. The ALJ concluded that the agency had established good cause to remove petitioner on both the low productivity and misconduct grounds and recommended that the Board sustain the two charges. On February 6, 1984, the Board remanded the case to the ALJ for issuance of a supplemental recommended decision on whether the agency had met the "good cause" standard of section 7521 and whether the new office procedures improperly interfered with petitioner's ability to hold full and fair hearings and render complete and reasoned decisions. 19 M.S.P.R. 335 (1984), opinion

clarified 20 M.S.P.R. 35 (1984). The questionable behavior engaged in by petitioner was that, contrary to mandatory office procedures, he insisted that all mail concerning his cases be delivered to him prior to its being logged in at a central location and he refused to use standardized office worksheets to monitor the progress of his cases. Additionally, the Board ruled that the agency's statistical evidence regarding petitioner's low productivity was inadequate because it did not validly measure comparable levels of production.

On September 18, 1984, the ALJ issued a supplemental recommended decision finding that the new office procedures did not interfere with petitioner's ability to hold full and fair hearings and to render complete decisions and was "good cause" for removal. On appeal after remand, the Board authorized the agency to suspend petitioner for a period up to 60 days. 27 M.S.P.R. 242 (1985). Petitioner appealed the Board's final decision raising the issue of whether the decision of the Board's finding that the agency had good cause to suspend petitioner for 60 days was supported by substantial evidence, was not arbitrary or capricious, and was obtained through use of the procedures required by law.

## OPINION

Actions against administrative law judges are permitted only by following the proscriptions of 5 U.S.C. § 7521(a) (1982) which provides:

An action may be taken against an administrative law judge appointed under section 3105 of this title by the agency in which the administrative law judge is employed only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board.

Actions subject to this section taken against an ALJ include both removal and suspension. 5 U.S.C. § 7521(b)(1), (2) (1982).

To be sustained, the charges brought against petitioner must be supported by a preponderance of the evidence. 5 U.S.C. § 7701(c)(1)(B) (1982). A preponderance of the evidence is specifically defined in 5 C.F.R. § 1201.56(c)(2) (1982) as "[t]hat degree of relevant evidence which a reasonable mind, considering the record as a whole, might accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true." *See also Steadman v. Security Exchange Commission,* 450 U.S. 91, 100–02, 101 S.Ct. 999, 1007, 67 L.Ed.2d 69 (1981).

Petitioner concedes that he did the acts that are the basis of the charge against him. Nevertheless, he argues that his behavior does not constitute "good cause" within the meaning of the statute, the notice of the charge was not sufficiently specific, and the Board shifted the burden of proof to him to prove that the agency lacked good cause to take this action.

With regard to the specificity of the notice, the charge against petitioner states that he "displayed a pattern of disruptive, insubordinate, obstructionist and dilatory conduct ... and followed his own procedures regardless of established office routine and standard procedures...."

The purpose of an agency's notice of charges is to put an employee on notice of the allegations against him in sufficient detail to apprise him of the allegations he must refute or acts he must justify. *See Burkett v. United States,* 402 F.2d 1002, 1004 (Ct.Cl.1968); *accord DeSarno v. Department of Commerce,* 761 F.2d 657 (Fed. Cir.1985). We are persuaded that this charge constituted sufficient notice to petitioner, particularly, in light of the fact that petitioner did attempt to justify his behavior.

Once the charge is made, it is the agency that bears the burden of proof. If the charge is found supported by the preponderant evidence, it must then be decided whether the conduct in question is good cause to suspend petitioner from his position for 60 days.

Congress intentionally failed to define "good cause" in the Administrative Procedures Act (APA). Rather, "good cause" is

to be given meaning through judicial interpretation as is evident by Senator McCarran's comments in the APA's legislative history:

> [I]t will be the duty of reviewing courts ... to determine the meaning of the words and phrases used, insofar as they have not been defined in the bill itself. For example, in several provisions of the bill, the expression "good cause" is used. The cause so specified must be interpreted by the context of the provision in which it is found, and the purpose of the entire section and bill. The cause found must be real and demonstrable. If the agency is proceeding upon a statutory hearing and record the cause will appear there; otherwise, it must be such that the agency may show the facts and considerations warranting the finding in any proceeding in which the finding is challenged. The same would be true in the case of findings other than of good cause, required in the bill.

Administrative Procedure Act—Legislative History, S.Doc. No. 248, 79th Cong., 2d Sess. 326 (1946).

A succinct definition for "good cause" has not been provided by the judiciary. However, in *Ramspeck v. Federal Trial Examiners Conference*, 345 U.S. 128, 73 S.Ct. 570, 97 L.Ed. 872 (1953), the Court ruled that reduction in force procedures were applicable to ALJs. In so ruling, the Court rejected the assertion that by enacting the APA Congress intended ALJs to be the equivalent of federal judges and that "good cause" should be equated with the "good behavior" standard applicable to Article III judges. While Congress' "good cause" standard was left to the courts to define, APA does provide the parameters within which the courts must work.

The APA has provisions to insure the decisional independence of the ALJs [1] and prohibits substantive review and supervision of an ALJ's performance of his quasi-judicial functions. *See* 5 U.S.C. § 500, *et seq.* (1982).[2] This is not to say that there are prohibitions against appropriate administrative supervision that is required in the course of general office management.[3] Federal appellate courts have shed some

---

**1.** As observed by the Supreme Court in *Butz v. Economou*, 438 U.S. 478, 513, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978), "the process of agency adjudication is currently structured so as to assure that the hearing examiner exercises his independent judgment on the evidence before him, free from pressures by the parties or other officials within the agency."

**2.** ALJs are exempt from performance appraisals under Chapter 43. 5 U.S.C. § 4301 (1982). ALJs are independent of investigative or prosecutorial personnel in the agency. *Id.* § 554(d). Periodic step pay increases are given without certification by the employing agency that the ALJ is performing at an acceptable level of competence. *Id.* § 5335. Once appointed an ALJ is not subject to the usual probationary period for agency employees. *Id.* § 3321(c). An ALJ can be disqualified from a case only upon petition by either the agency or a private party. *Id.* § 554(d). Cases are assigned to the ALJs in rotation so far as practicable. *Id.* § 3105. The ALJs may not perform duties that are inconsistent with their duties as judges. *Id.* § 3105. The ALJ may issue subpoenas, rule on proffered evidence, and regulate the course of the hearing. *Id.* § 556(c). *See Richardson v. Perales*, 402 U.S. 389, 408–10, 91 S.Ct. 1420, 1430–31, 28 L.Ed.2d 842 (1971); *United States v. Shaughnessy*, 347 U.S. 260, 266–67, 74 S.Ct. 499,

502–03, 98 L.Ed. 681 (1954). An ALJ may not consult any person or party, including agency officials, concerning a fact at issue in the hearing, unless a notice and an opportunity for all parties to participate is provided. *Id.* § 554(d)(1). Parties present their case by oral and documentary evidence, *id.* § 556(d), and the transcript of testimony, exhibits, and pleadings constitute the exclusive record for decision. *Id.* § 556(e). The ALJs in all their decisions must make findings and conclusions on all issues of fact, law, or discretion presented on the record. *Id.* § 557(c).

**3.** BUREAU OF HEARINGS AND APPEALS SOCIAL SECURITY ADMINISTRATION

POSITION DESCRIPTION ADMINISTRATIVE LAW JUDGE (LICENSING AND BENEFITS)

. . . . .

III. SUPERVISION AND GUIDANCE
The Social Security and Administrative Procedure Acts prohibit substantive review and supervision of the administrative law judge in the performance of his quasi-judicial functions. His decisions may not be reviewed before publication, and after publication only by the Appeals Council in certain prescribed circumstances. *He is subject only to such administrative supervision as may be required in*

light as to the proper interpretation of the statutory "good cause" standard and have authorized removals for financial irresponsibility, *McEachern v. Macy,* 233 F.Supp. 516 (D.S.C.1964), *aff'd,* 341 F.2d 895 (4th Cir.1965), and physical incapacitation. *Benton v. United States,* 488 F.2d 1017, 203 Ct.Cl. 895 (Ct.Cl.1973).

■ Determining the existence of "good cause" is not a simple task, but a task that is commenced by stating what "good cause" is not. If the agency bases a charge on reasons which constitute an improper interference with the ALJ's performance of his quasi-judicial functions, the charge cannot constitute "good cause." Whether the charge is based on reasons which interfere with the quasi-judicial function is a question of fact and must be answered on a case by case basis.

Here, the Board, after a full hearing, determined that the nature of the charge brought against petitioner amounted to his failure to comply with office administrative procedures. The Board further determined that the procedures did not interfere with the ALJs decisional independence.

■ Petitioner contends that the agency failed to prove that the charge did not interfere with his decisional independence. Petitioner further asserts that the burden of proving such interference was erroneously placed on him. On the contrary, petitioner has mischaracterized what actually occurred at his hearing. The burden of proving the charge by a preponderance of the evidence is and remains throughout the proceeding upon the agency. However, "once an agency has made a *prima facie* showing, the burden of going forward with evidence to rebut that showing necessarily shifts to the employee...." *Schapansky v. Dept. of Transportation,* 735 F.2d 477, 482 (Fed.Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984). "Absent effective rebuttal, the agency must be

held to have carried its burden of persuasion." *Id.* at 483.

Under 5 U.S.C. § 7703(c) (1982) we review this finding and will set it aside only when it can be found to be:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

■ Here, however, the Board took into account all the facts and circumstances and we find that the record clearly contains substantial evidence to support the finding of no decisional interference. *Consolidated Edison Co. v. National Labor Relations Board,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). We cannot as a matter of law rule that the administrative procedures complained of by petitioner interfere with an ALJ's decisional independence. Therefore, the Board's determination is affirmed.

## PENALTY

■ Petitioner asserts that the penalty imposed for this charge is inappropriate. Determination of the appropriate penalty is a matter committed primarily to the agency's discretion. *Jones v. United States,* 617 F.2d 233, 236, 223 Ct.Cl. 138 (Ct.Cl. 1980). We have not required that each and every factor of the twelve *Douglas*[4] factors be considered. We have only required that the penalty selected be reasonable when considered against the relevant factors. *Nagel v. Department of Health and Human Services,* 707 F.2d 1384 (Fed. Cir.1983). Only in the exceptional case in which the penalty exceeds that permitted by statute or regulations or is so harsh that it amounts to an abuse of discretion may its imposition be overturned. *Weston*

---

the course of general office management. His decisions take into account all applicable Federal, State, and foreign laws, statutes, regulations, rulings, and decisions of the Federal courts.

*Association of Administrative Law Judges v. Heckler,* 594 F.Supp. 1132, 1146 (D.D.C.1984) (emphasis added).

**4.** *Douglas v. Veterans Administration,* 5 MSPB 313, 5 M.S.P.R. 280 (1981).

v. *U.S. Dept. of Housing & Urban Dev.*, 724 F.2d 943, 949 (Fed.Cir.1983); *accord Miguel v. Dept. of the Army,* 727 F.2d 1081 (Fed.Cir.1984). Petitioner fails to convince us that the Board has not considered the relevant *Douglas* factors or that the penalty was so grossly disproportionate to the offense as to amount to an abuse of discretion. The imposed penalty is affirmed.

AFFIRMED.