856 F.2d 202
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John W. CARTER, Petitioner,
v.
SOCIAL SECURITY ADMINISTRATION, DEPARTMENT OF HEALTH AND
HUMAN SERVICES, Respondent.
 No. 88-3088.
 United States Court of Appeals, Federal Circuit.
 Aug. 29, 1988.
 
 Before MARKEY, Chief Judge, EDWARD S. SMITH and NIES, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. HQ75218510012, 35 M.S.P.R. 485 (1987), authorizing the Social Security Administration (agency) to suspend John W. Carter without pay for up to 70 days because of conduct wholly unbecoming an administrative law judge (ALJ), is affirmed.
 
 OPINION
 
 2
 ALJ Carter has shown no error in the board's decision that ALJ Carter's conduct in 1979 violated a regulation then in effect. That the regulation has since been revised and renumbered does not render it void ab initio or immunize ALJ Carter's 1979 conduct from discipline.
 
 
 3
 ALJ Carter's attacks on the motives and character of Ms. W and others at the St. Louis Hearing Office fall far short of establishing that Ms. W's testimony was "inherently improbable or discredited by undisputed evidence or physical fact," Carosella v. United States Postal Serv., 816 F.2d 638, 641 (Fed.Cir.1987). We therefore have no reason for overturning the credibility determinations of the Chief ALJ, who heard the witnesses at the hearing and saw their demeanor. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985); see also Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 4
 ALJ Carter's other arguments are adequately dealt with in the board's thorough and well-reasoned opinion. We affirm on the basis of that opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Brennan v. Department of Health & Human Servs., 787 F.2d 1559, 1563 (Fed.Cir.1986).
 
 
 5
 NIES, Circuit Judge, dissenting.
 
 
 6
 I dissent because of the following errors made by the board:
 
 
 7
 1. Unlawful exclusion of evidence.
 
 
 8
 2. Application of an incorrect standard of sexual harassment.
 
 
 9
 3. Sustaining one charge which is unsupported by substantial evidence.
 
 
 10
 Judge Carter was suspended on two separate charges of sexual harassment, one based on an incident occurring in 1979 and the other in 1984. Separate penalties were imposed of ten days and sixty days respectively. Judge Carter was not charged with engaging in a pattern of sexually harassing conduct which affected the atmosphere of the workplace. Indeed, the record is replete with testimonials from women co-workers, attorneys, and other professionals praising his unfailingly respectful conduct toward them and other women.
 
 
 11
 The 1984 incident is based on a personal complaint by Ms. W who charged Judge Carter with "sexual harassment" by "stroking" her buttocks with his hand as he passed through a doorway in which she was standing with a friend. The record unequivocally establishes that Judge Carter and Ms. W shared an acrimonious professional relationship. He was not her supervisor. Judge Carter sought to introduce a deposition of a third-party witness for the purpose of establishing that Ms. W had a vindictive personality. This evidence was excluded as lacking "relevance." Such evidence, while not controlling, is relevant. It tends to show that the complainant might unreasonably make more of the physical touching than a reasonable person would attribute to it. A charge of sexual harassment is simply too serious a blot on a person's career to sustain, particularly against an administrative law judge, where evidence has been excluded which might throw light on the incident.
 
 
 12
 Equally significant is that the board applied an incorrect standard to determine sexual harassment. In Downes v. FAA, 775 F.2d 288 (Fed.Cir.1985), this court held, insofar as pertinent here, that to establish sexual harassment, the accused's conduct must:
 
 
 13
 be (1) sufficiently pervasive so as to alter the conditions of employment, and (2) be sufficiently severe and persistent to affect seriously the psychological well-being of an employee.
 
 
 14
 Id. at 292. It is admitted that neither of the above requirements of the Downes standard was met.
 
 
 15
 The board refused to follow the Downes standard because it applied to a Title VII offense, reasoning that an agency could define "sexual harassment" to encompass merely unwelcome touching of a sexual nature so as to punish an employee's "sexual harassment" before it rises to the level of Title VII "sexual harassment." While I agree with the board that the "fact that the employee's misconduct has not reached this level of severity [i.e., Title VII sexual harassment] should not make him immune from discipline," the right to take disciplinary action is not the issue. Disciplinary action may be taken without imprinting the stigma of a sustained "sexual harassment" charge. I cannot sustain such charge on the basis of an incident that does not satisfy the legal standard of sexual harassment which has been judicially fixed. Thus, even accepting that the incident occurred as the complainant, now deceased, testified, I would reverse the holding of sexual harassment and vacate the sixty-day suspension.
 
 
 16
 A situation such as this one should not necessitate bringing the matter to the courts. It cries for personal resolution by the parties involved. We live in a changing society, and all of us need to gain new insights into relationships between men and women. A complainant should be able to make the insult to that person's integrity known; the offending party should listen, learn, and gain understanding. This could be accomplished within the agency before an experienced counselor. Both parties need counseling to come out of the situation with restored dignity. Litigation cannot possibly achieve that desired end.
 
 
 17
 The alleged 1979 incident of sexual harassment occurred in a crowded automobile on the way to dinner during an out of town business trip. Accepting that Judge Carter touched the leg of the woman co-worker (Ms. H) who was seated next to him in the back seat does not prove the charge of an intentional touching of a sexually offensive nature. It must be noted Ms. H admitted that nothing further happened in the five years they continued to work together. The incident was not reported but was ferreted out upon investigation of the 1984 charge. The agency was apparently attempting to determine if Judge Carter had shown a pattern of sexually offensive acts. He had not and the agency then made this trivial incident in a social setting into a separate charge of sexual harassment in the judge's business conduct. The incident is too minor, too stale, and too ambiguous to be sustained on this record. I would hold that the charge is unsupported by substantial evidence. Further, this incident in and of itself clearly does not rise to the legal level of "sexual harassment." The ten-day suspension for sexual harassment should, therefore, be vacated.