862 F.2d 321
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert F. SHULER, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 88-3153.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1988.
 
 Before BISSELL, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Robert F. Shuler appeals the final order of the Merit Systems Protection Board (board), No. ATO7528710517, dated January 22, 1988, denying review of the initial decision of the administrative law judge affirming Mr. Shuler's removal from his position as a defense contract monitor for the Department of the Navy for accepting a gratuity from a defense contractor. We affirm.
 
 OPINION
 
 2
 The administrative law judge (ALJ) found that Mr. Shuler had accepted $200 from Mr. Sellers, vice president of Gulf Atlantic Valve Company. Gulf Atlantic was a defense contractor monitored by Mr. Shuler. The ALJ found unpersuasive the evidence that Mr. Shuler intended the money for a baseball Little League in a community 60 miles from the defense contractor. The ALJ also found unpersuasive the evidence that Mr. Shuler did not know W & O, the company Mr. Shuler allegedly solicited, was associated with the defense contractor, Gulf Atlantic. The two companies shared the same compound, the same driveway, and the same checking account.
 
 
 3
 The ALJ found the removal of Mr. Shuler promoted the efficiency of the service as required by 5 U.S.C. Sec. 7513(a). Mr. Shuler's position involved monitoring the performance of defense contractors. The ALJ found a nexus existed between the misconduct and the efficiency of the service since the misconduct compromised Mr. Shuler's credibility by casting doubt on his ability to exercise impartial judgment in the performance of his duties. The ALJ also found that since the government has a compelling duty to avoid conflicts of interest and to maintain the integrity of the federal service the removal was not an abuse of discretion by the agency.
 
 
 4
 The ALJ thoroughly considered all of the evidence and legal arguments. We affirm on the basis of that opinion because we do not find the decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, or obtained without following procedures required by law, rule, or regulation, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Brennan v. Department of Health & Human Services, 787 F.2d 1559, 1563 (Fed.Cir.1986).