862 F.2d 321
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eugene M. SMITH, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 88-3176.
 United States Court of Appeals, Federal Circuit.
 Oct. 21, 1988.
Rehearing Denied Jan. 6, 1989.
 
 Before PAULINE NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Eugene M. Smith (Smith) appeals the final decision of the Merit Systems Protection Board (MSPB), Docket No. DA07528710312, sustaining his removal by the Department of the Air Force (agency) from his position as an electrical foreman. We affirm.
 
 OPINION
 
 2
 The MSPB sustained the agency's charges that Smith had directed government employees to work on a private project while on duty and had coerced one of the employees to perform the work.
 
 A. Credibility of Evidence
 
 3
 Smith first argues that the testimony of two witnesses on which the MSPB based its affirmance of his removal was unworthy of belief. He asserts that the witnesses had various reasons to falsify their testimony and that they gave inconsistent versions of the events on which his removal was based.
 
 
 4
 As we have often stated, determinations of the credibility of witnesses and the weight to be given their testimony are matters for the trier of fact. Griessenauer v. Dep't of Energy, 754 F.2d 361, 364 (Fed.Cir.1985); Gyromat v. Champion Spark Plug Co., 735 F.2d 549, 552 (Fed.Cir.1984). The administrative judge, who heard the witnesses' testimony and saw their demeanor, recognized that their testimony was inconsistent on a number of details and considered Smith's argument that they had a motive to falsify their testimony. She nevertheless found the testimony to be credible on the charges that the MSPB upheld. It is proper for a trier of fact to credit only part of a witness's testimony. Carrier Corp. v. Nat'l Labor Relations Bd., 768 F.2d 778, 782 (6th Cir.1985). In these circumstances, we are unwilling to reverse the finder of fact's credibility determinations based on a cold paper record.
 
 B. Collateral Estoppel
 
 5
 Smith next argues that a decision of the Oklahoma Employment Security Commission, Docket No. 87-AT-8619-BR, collaterally estops the agency from establishing the misconduct on which his removal was based. See Univ. of Tennessee v. Elliott, 478 U.S. 788, 799 (1986). The facts establish, however, that the final decision of the Oklahoma Employment Security Commission was mailed to Smith on December 30, 1987. The MSPB's final decision was not rendered until January 28, 1988. Smith had the intervening 28 days to bring the Oklahoma Commission's decision to the MSPB's attention and argue its preclusive effect. See 5 C.F.R. Sec. 1201.58(c) (1988). As he failed to do so, he waived his right to raise the issue on appeal. Huffman v. Pursue, Ltd., 420 U.S. 592, 607 n. 19 (1975); Sartin v. Comm'r of Pub. Safety, 535 F.2d 430, 433 (8th Cir.1976); Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1577 (Fed.Cir.1984).
 
 C. Procedural Errors
 
 6
 Smith's third contention is that the agency committed harmful procedural errors by delaying the charges against him and by pressuring a witness. The administrative judge noted that Smith had located both of the employees that he said he had difficulty locating, and that Smith's memory of events appeared to be unimpaired. Although a witness did testify that he had received what he considered to be a threat from a superior regarding Smith's firing, there is no evidence that the threat either related to or affected his testimony at the hearing. Procedural errors such as those Smith alleges here justify the reversal of an agency's decision only if the procedural errors were harmful. Miguel v. Dep't of the Army, 727 F.2d 1081, 1084-85 (Fed.Cir.1984); Shaw v. United States Postal Serv., 697 F.2d 1078, 1081 (Fed.Cir.1983). In these circumstances we are unconvinced that the procedural errors alleged by Smith, if committed, were harmful.
 
 D. Penalty
 
 7
 Smith's final argument is that the penalty of removal was excessive and unreasonable. The determination of the appropriate penalty for misconduct is a matter committed primarily to the agency's discretion, and we will overturn a penalty imposed by an agency only in the exceptional case in which the penalty exceeds that permitted by statute or regulation, or is so harsh that it amounts to an abuse of discretion. Brennan v. Dep't of Health and Human Servs., 787 F.2d 1559, 1563 (Fed.Cir.), cert. denied, 107 S.Ct. 573 (1986). Smith has failed to convince us that removal was so grossly disproportionate to his offenses as to amount to an abuse of discretion.