968 F.2d 1227
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James W. SNOW, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 91-3612.
 United States Court of Appeals, Federal Circuit.
 May 21, 1992.
 
 Before NIES, Chief Judge, RICH and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 James W. Snow seeks review of the February 12, 1991 Initial Decision of the Administrative Judge, Docket No. AT07529110044, which became final when the Merit Systems Protection Board denied review on August 28, 1991, sustaining Snow's 40-day suspension from his position as a supervisory research entomologist for the United States Department of Agriculture (the agency). We reverse the decision of the Board regarding the penalty, order that Snow be given a reprimand, and affirm in all other respects.
 
 DISCUSSION
 
 2
 Snow was given a 40-day suspension based on the charges of dumping dangerous chemicals, gross wasting of funds, unauthorized monitoring of telephone conversations, and a prohibited personnel practice of preselection. The Board sustained only the charge of preselection, and determined that the 40-day suspension was still warranted.
 
 
 3
 The primary issue before us is whether the 40-day suspension was an excessive penalty. We review the Board's decision under a narrow standard, affirming the judgment unless it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). While it is well established that "[d]etermination of the appropriate penalty is a matter committed primarily to the agency's discretion," Brennan v. Department of Health & Human Servs., 787 F.2d 1559, 1563 (Fed.Cir.), cert. denied, 479 U.S. 985 (1986), this court has the authority to modify that penalty where it is clear that the agency has abused its discretion. The agency is not required to consider and articulate every factor recited in Douglas v. Veterans' Admin., 5 M.S.P.R. 280 (1981), "but failure to consider a significant mitigating circumstance constitutes an abuse of discretion." Kline v. Department of Transportation, Federal Aviation Admin., 808 F.2d 43, 45 (Fed.Cir.1986) (citing VanFossen v. Department of Housing & Urban Development, 748 F.2d 1579, 1581 (Fed.Cir.1984)).
 
 
 4
 In the present case, the AJ failed to consider a significant mitigating circumstance by sustaining the same penalty for one charge as was warranted for four charges. The AJ sustained only the charge of preselection, which appears to be the least significant of the four charges. Snow voluntarily disclosed to his superiors his conversation with William Mercer, the non-selected employee, concerning his ability to perform at a WG-08 grade level. After Mercer's complaints, Snow worked with his superiors to promote Mercer to his current position. Under the circumstances, a 40-day suspension was clearly an excessive, disproportionate penalty, and the Board's decision was arbitrary, capricious and unreasonable. Accordingly, the Board's order is reversed as to the penalty, and the agency is directed to mitigate Snow's suspension to a reprimand.
 
 
 5
 Costs to Snow.