**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DEPARTMENT OF HEALTH &
  HUMAN SERVICES,
        Petitioner,

      v.

LEANN R. CANTER,
        Respondent.

DOCKET NUMBER
CB-7521-12-0018-T-1

DATE: November 13, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jacqueline Zydeck</u>, Esquire, and <u>Jeffery Cusic</u>, Esquire, Chicago, Illinois,
    for the petitioner.

<u>Peter B. Broida</u>, Esquire, Arlington, Virginia, for the respondent.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The respondent has filed a petition for review of the initial decision, issued by an administrative law judge, which held that the petitioner established good cause to remove the respondent from her position as an administrative law judge.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the administrative law judge's initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The petitioner filed a complaint seeking the authority to remove the respondent from her administrative law judge position with the agency's Office of Medicare Hearings and Appeals based on the following: charge 1 - Unauthorized Full-Day Absences from Duty Station, 54 specifications occurring between May 23, 2011, and January 19, 2012; charge 2 - Unauthorized Partial-Day Absences from Duty Station, 82 specifications occurring during the same time period; charge 3 - Insubordination, three specifications; and charge 4 - Neglect of Assigned Duties, one specification. Initial Appeal File (IAF), Tab 1 at 1-48. As to charges 1 and 2, the petitioner alleged that, on the dates cited, the respondent did not report for work, was not authorized to work outside the office, and did not

request leave to account for her absences. As to Charge 4,[2] the petitioner alleged that, between January 24, 2012, and April 24, 2012, the respondent slept in her office at least twice a week. *Id.* The respondent argued that her absences were caused by her medical condition for which the agency had granted her an accommodation, and that, based on a proper weighing of the factors set forth by the Board in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), either no penalty or a lesser penalty than removal is warranted under the circumstances of this case. IAF, Tab 18.

¶3        After convening a hearing, the administrative law judge issued an initial decision in which he sustained charges 1, 2, and 4, IAF, Tab 57, Initial Decision (ID) at 11-12, 22-23, and found that good cause exists to remove the respondent, ID at 23-32.

¶4        The respondent has filed a petition for review, Petition for Review (PFR) File, Tab 3, the petitioner has responded, *id.*, Tab 5, and the respondent has replied to the petitioner's response, *id.*, Tab 6.

## ANALYSIS

¶5        The respondent has not contested the administrative law judge's decision to sustain charges 1 and 2. Therefore we have not further considered those issues. *See* 5 C.F.R. § 1201.115 (the Board normally will consider only issues raised in a timely filed petition for review or cross petition for review). The respondent asserts that the administrative law judge erred in sustaining charge 4, PFR File, Tab 3 at 30-31, and improperly weighed the *Douglas* factors in finding good cause to impose removal, *id.* at 3-56.

---

[2] The agency withdrew charge 3, Insubordination, during adjudication. IAF, Tabs 14, 38.

The administrative law judge properly sustained charge 4 – Neglect of Assigned Duties.

¶6    As noted, the petitioner charged that, between January 24, 2012, and April 24, 2012, the respondent slept in her office at least twice per week. IAF, Tab 1 at 43. The administrative law judge found this charge sustained based on the testimony of the respondent's team legal assistant that she initially observed the respondent sleeping in her office and that, after that, she observed the respondent sleeping frequently, approximately twice a week; the testimony of an attorney decision writer that she observed the respondent sleeping in her office; and the respondent's admission that, at times, she slept in her office. ID at 23. The administrative law judge considered the respondent's argument that the petitioner's witnesses' testimony was insufficient to sustain the charge, given her own testimony that her sleeping was limited, but found, based on the evidence as a whole, and having observed the demeanor of the witnesses at the hearing, that the testimony of the petitioner's witnesses was sufficient to meet the preponderance of the evidence standard and that the respondent's explanation was not credible. ID at 23.

¶7    On review, the respondent asserts that the agency did not charge, and the administrative law judge did not find, that the respondent neglected her assigned duties of conducting hearings and writing decisions under the Administrative Procedure Act, ensuring fair and impartial rights to Medicare applicants. PFR File, Tab 3 at 31; IAF, Tab 1, Subtab 3. It is true that the agency is required to prove the charge as it is set out in the notice of proposed removal, not some other offense that might be sustainable by the facts of the case. *See King v. Nazelrod*, 43 F.3d 663, 667 (Fed. Cir. 1994); *see also Spruill v. U.S. Postal Service*, 84 M.S.P.R. 36, ¶ 17 (1999). Here, however, the charge at issue, neglect of duties, is one of the charges included in the agency's Guide for Disciplinary Penalties, which provides that it includes not only careless/negligent work, but also loafing, sleeping on duty, wasting time, and conducting personal business

while on duty.  IAF, Tab 1, Subtab 15 at 6.  Under the circumstances, the agency was not required to charge the respondent with sleeping on duty.  The supporting specification of charge 4 describes incidents wherein the respondent was observed sleeping on duty.  *Id.*, Tab 1 at 44.  The administrative law judge found credible the testimony of the petitioner's witnesses that the respondent slept in her office when she was supposed to be working, and not credible the respondent's testimony that the sleeping on duty to which she admitted was limited.  ID at 22-23.  Despite the respondent's argument on review, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative law judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997).  We find therefore that the respondent has not established that the administrative law judge erred in sustaining charge 4.

Good cause exists to remove the respondent based on the sustained charges.

¶8        In an original jurisdiction case, where the Board is the first entity to consider the evidence of the charged conduct as well as any mitigating factors, the choice of the penalty is for the Board.  *Social Security Administration v. Steverson*, 111 M.S.P.R. 649, ¶ 18 (2009), *aff'd*, 383 F. App'x 939 (Fed. Cir. 2010).  The Board has adopted for guidance in assessing a penalty in an original jurisdiction the same standards required of an agency in an appellate case.  Thus, the Board will examine the record in this case with a view to balancing the relevant *Douglas* factors.  *See Social Security Administration v. Brennan*, 27 M.S.P.R. 242, 251 (1985), *aff'd*, 787 F.2d 1559 (Fed. Cir. 1986).  The Board will consider whatever evidence of record affects the choice of penalty.  *Social Security Administration v. Glover*, 23 M.S.P.R. 57, 79 (1984).  In evaluating whether a penalty is reasonable, however, the Board will consider, first and foremost, the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities.  *E.g.*, *Jackson v. Department of the Army*, 99 M.S.P.R. 604, ¶ 6 (2005).

¶9      In considering the penalty in this case, we acknowledge, as did the administrative law judge, mitigating factors which include the respondent's 15 years of federal service and her 4 years of military service. ID at 25. She has no prior disciplinary record. *See, e.g.*, *Jackson*, 99 M.S.P.R. 604, ¶ 8; ID at 25. We also note that the agency has not disputed the respondent's claimed productivity. The administrative law judge considered a medical condition, dating back to surgery she underwent in 1991. ID at 32. The respondent urges on review that her medical condition should be afforded significant consideration. PFR File, Tab 3 at 25-30.

¶10     The weight to be given an employee's medical condition necessarily depends on whether that condition played a part in the charged conduct. *See Roseman v. Department of the Treasury*, 76 M.S.P.R. 334, 345 (1997). Even if the respondent's medical condition may have been a factor in her absences from the worksite on the dates charged, she has not shown that it prevented her from requesting leave to support her absences. In this regard, the respondent argued that, during the period in question, she was operating under an accommodation granted by the agency which allowed her to work at home on any occasion when she did not feel well enough to report to duty. The administrative law judge carefully considered the respondent's claim that she requested and was provided an accommodation. ID at 12-22. He first considered the evidence the respondent submitted, specifically, her own testimony that, in February 2006, the then Acting Managing Administrative Law Judge told her she could have an accommodation after she informed him of her medical condition and how it affected her, ID at 13-14; and that, in December 2008, she told the then Associate Chief Administrative Law Judge that she was working from home as needed because of her symptoms, and that he did not object. ID at 14. The administrative law judge also considered the testimony of several of the respondent's coworkers and subordinates that they believed she had an accommodation. The administrative law judge found, however, and we agree, that such testimony did not support the

respondent's claim that she had requested and been granted an accommodation by the agency. ID at 15. The administrative law judge then considered the evidence the petitioner submitted, specifically, testimony of the then Acting Managing Administrative Law Judge who contradicted the respondent's version of the February 2006 conversation, ID at 16; and testimony of the then Associate Chief Administrative Law Judge that the respondent never made any request for an accommodation and that he was not otherwise informed of such a request. ID at 17. The administrative law judge also considered testimony of the then Associate Chief Administrative Law Judge and another Associate Chief Administrative Law Judge that the respondent was not enrolled in the agency's flexi-place program pursuant to which individuals could work from home with several conditions, that is, that the individual secure supervisory approval, work full days, sign out any files taken home, and complete forms documenting the hours worked.[3] ID at 17-18. The administrative law judge also considered the testimony of the Deputy Chief Judge that, when he confronted the respondent in 2012 about her absences, she did not mention any accommodation. ID at 18; IAF, Tab 44, Exhibits (Exs.) 12, 33. Acknowledging the applicability of the Board's decision in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), the administrative law judge found the testimonies of the petitioner's witnesses credible and persuasive, ID at 12, 21, and the testimony of the respondent not credible, ID at 21-22. The Board defers to such findings when they are based explicitly or implicitly on the observation of the demeanor of testifying witnesses, and may overturn credibility determinations only when the Board has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301-02 (Fed. Cir. 2002). We find no such reasons here. We agree with the administrative law judge that the respondent did not demonstrate that she had been granted an accommodation allowing her to work

---

[3] The respondent admitted that she did not comply with the terms of the agency's flexi-place program. Hearing Transcript (HT) at 671-72.

from home whenever she deemed it necessary or that she was in any manner prevented from requesting leave to support her absences. Therefore, although we afford consideration to the respondent's medical condition, we find, based on our review, that she has not shown that it is deserving of significant consideration as a mitigating factor because it did not play a part in the charged misconduct.

¶11 On review, the respondent also argues that she established her claim of disparate penalties. PFR File, Tab 3 at 45-61. The administrative law judge found that the two other employees were not comparators, but that, even if they were, the agency demonstrated sufficient differences to support the different sanctions. ID at 30-31. To show that employees are comparators, the appellant/respondent must show that there is enough similarity between both the nature of the misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently. *Ellis v. U.S. Postal Service*, 121 M.S.P.R. 570, ¶ 11 (2014). The alleged comparators are two other administrative law judges in the same field office as the respondent who were found to have significant amounts of unauthorized absences but were suspended. While these factors suggest that all three administrative law judges were similarly-situated, the amount of the respondent's absences far exceeded those of the other two administrative law judges during the same time period. IAF, Tab 44, Exhibit (Ex.) 21 at 14-16 of 17 (78.25 hours unauthorized for first administrative law judge), Ex. 28 at 18-20 of 21 (214.50 hours unauthorized for second administrative law judge); Ex. 34 (797.1 hours unauthorized for the respondent). And, even though charge 4, the other charge brought against the respondent and sustained, is less significant than the unauthorized absences charges, HT at 141 (testimony of Deputy Chief Administrative Law Judge), no additional charges were involved in the actions contemplated against the other two administrative law judges. These factors support a finding that there is not enough similarity to lead a reasonable person to conclude that the agency treated similarly-situated employees differently.

¶12      In connection with this claim, the petitioner argued for the first time in its post-hearing brief that it need not explain any differences in treatment because the agency did not file complaints with the Board as to the other two administrative law judges, but rather agreed by means of settlements, to impose suspensions.  IAF, Tab 54 at 46.  The respondent moved to strike the argument on the basis that the petitioner waived any objection to consideration of the evidence in question by proffering that evidence and addressing it at the hearing, only raising the issue for the first time in its post-hearing brief.  *Id.*, Tab 55.  The petitioner opposed the motion, *id.*, Tab 56, which the administrative law judge denied as moot, finding that the petitioner did not waive the opportunity to present argument and authority supporting the respondent's removal, including responding to her claim of disparate treatment.  ID at 6.

¶13      The Board has held that, where another employee receives a lesser penalty, despite apparent similarities in circumstances, as a result of a settlement agreement, the agency will not be required to explain the difference in treatment.[4] *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 20 n.4 (2013); *Blake v. Department of Justice*, 81 M.S.P.R. 394, ¶ 42 (1999).  Therefore, the petitioner was not required to explain the differences in treatment between the other two administrative law judges and the respondent, but neither was it precluded from attempting to do so.

---

[4] We note that in her reply to the petitioner's response to her petition for review the respondent has cited to the Board's decision in *Spahn v. Department of Justice*, 93 M.S.P.R. 195, ¶ 24 (2003).  PFR File, Tab 6 at 14.  In *Spahn*, the Board found that, where an individual claims unlawful discrimination, she must be allowed to prove that the settlement agreement offered to other employees, but not offered to her, was a pretext for discrimination.  Although the respondent has asserted that she was working under an informal accommodation, she acknowledged that she never submitted medical documentation regarding her condition to anyone at the agency prior to its initiation of this complaint.  IAF, Tab 44, Exs. 33-34.  Moreover the administrative law judge did not adjudicate any claim by the respondent that the petitioner discriminated against her based on her disability, and she did not, on petition for review, challenge his failure to do so.  Therefore, her reliance on *Spahn* is inapposite.

¶14    Even if there is enough similarity among the comparators, based on the factors we have addressed, the agency has shown that it had a legitimate reason for the difference in treatment. *See Ellis*, 121 M.S.P.R. 570, ¶ 11. When initially confronted with their leave irregularities, the other two administrative law judges acknowledged their wrongdoing and made an effort to explain their lapses, submitted documentary evidence in support, and either took steps to ensure that there would be no further such lapses or sought a resolution. IAF, Tab 44, Exs. 20, 27. The respondent did none of these things. We therefore find that the respondent has not established her claim of disparate treatment as to the penalty the agency seeks to impose.

¶15    The respondent also argues on review that she showed a potential for rehabilitation. PFR File, Tab 3 at 31-44. Specifically, she argues that, after the Deputy Chief Judge confronted her about her absence in January 2012, she returned to the office on a full-time basis, using leave as needed, and that she continues to do so. However, the record reflects that the respondent was made aware in December 2008 of an anonymous Inspector General complaint that was filed over the time and attendance practices of certain employees in her office of which she was one, and she was reminded by the then Managing Administrative Law Judge of the requirement that all employees must work 8 hours per day, 40 hours per week, unless they are on a compressed schedule, which the respondent was not. IAF, Tab 44, Ex. 5. Subsequently, all office employees received a memorandum dated May 18, 2011, from the Chief Administrative Law Judge again reminding them of specific time and attendance requirements which must be followed. *Id.*, Ex. 6. And, by memorandum of November 28, 2011, the Associate Chief Administrative Law Judge reminded all employees of the requirements set out in the May 18, 2011 memorandum and cautioned that:

> Failure to properly report for work as scheduled, request leave for time not worked when scheduled, or account for time worked, and/or claiming compensation for time not worked may result in charges of absence without leave (AWOL), if appropriate; termination or suspension of AWS; and/or initiation of appropriate disciplinary or adverse action, up to and including removal from the Federal service, against the offender.

*Id.*, Ex. 7. Yet, by the respondent's own admission, she did not begin to request leave for her absences until she was confronted by the Deputy Chief Administrative Law Judge in January 2012. HT at 636. As to the respondent's argument that she believed she was working under an accommodation, we have addressed that issue, deferring to the determination of the administrative law judge that that claim was not credible.

¶16    The administrative law judge considered the respondent's evidence of her rehabilitation efforts, allowing evidence and testimony as to how she began to comply with the agency's time and attendance requirements after her January 2012 meeting with the Deputy Chief Administrative Law Judge. The administrative law judge found it significant, however, that, despite repeated warnings, the respondent continued her pattern of unauthorized absences. ID at 28. To the extent in the initial decision that the administrative law judge did not specifically address evidence of the respondent's recent time and attendance patterns, his failure to have done so does not mean that he did not consider such evidence in reaching his decision. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Overall, the record demonstrates that the administrative law judge admitted and considered the respondent's evidence of rehabilitation potential. He was not required to, nor did he, afford it significant weight. *Cf. Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶¶ 11-14 (2014) (addressing consideration of evidence of post-removal rehabilitation). On review,

we agree with the administrative law judge that the respondent's evidence of rehabilitation is not strong and does not warrant significant consideration.

¶17     The mitigating factors we have addressed are outweighed by the aggravating factors in this case.   The respondent holds the position of an administrative law judge, a position of prominence, whose incumbents usually engender great respect.   *See Brennan*, 27 M.S.P.R. at 251.   The respondent's offenses are both serious and repeated.   Her superior lost confidence in the respondent's ability to comply with agency policy.  ID at 26.  The respondent was on notice of the agency's time and attendance requirements by means of both general and specific notices.   ID at 27.   In sum, the respondent has not shown error in the administrative law judge's decision finding that good cause exists to remove the respondent based on the sustained charges.[5]

## ORDER

¶18     The Board authorizes the petitioner to remove the respondent for good cause shown pursuant to 5 U.S.C. § 7521.  *See Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 55 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011).  The initial decision issued by the administrative law judge is now the Board's final decision.  5 C.F.R. § 1201.113(b).

---

[5] The respondent points to the administrative law judge's statement that, "[a]lthough removal from the position of an administrative law judge is appropriate, in view of Respondent's mitigation evidence including her past Government service without previous violations and history of productivity, the Agency may consider offering Respondent a non-supervisory attorney writer position as a matter of clemency. Offering such a position would provide an opportunity for Respondent to continue in federal service while subject to supervision of appropriate time and attendance requirements."  ID at 12; PFR File, Tab 3 at 61-62.  However, the administrative law judge's statement is dicta, given his finding that good cause exists to remove the respondent.    Because we agree with this finding, we afford the statement no consideration.

## NOTICE TO THE RESPONDENT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.