James B. **KING**, Director, Office of Personnel Management, Petitioner,

v.

Cathryn A. **NAZELROD**

and

**Merit Systems Protection Board**, Respondents.

No. 93–3017.

United States Court of Appeals, Federal Circuit.

Dec. 27, 1994.

Rehearing Denied; Suggestion for Rehearing In Banc Declined March 7, 1995.

---

Anthony J. Ciccone, Atty., Commercial Litigation Branch, Dept. of Justice, of Washington, DC, argued, for appellant. With him on the brief were Stuart M. Gerson, Acting Asst. Atty. Gen., David M. Cohen, Director and Stuart E. Schiffer, Acting Asst. Atty. Gen. Also on the brief were Arthur Troilo, III, Acting Gen. Counsel and Steven E. Abow, Office of Gen. Counsel, Office of Personnel Management, Washington, DC, of counsel.

Alexia McCaskill, Staff Counsel, American Federation of Government Employees, AFL–CIO, of Washington, DC, argued, for respondent, Cathryn A. Nazelrod. With her on the brief were Mark D. Roth, Gen. Counsel and Charles A. Hobbie, Deputy Gen. Counsel. Michael K. Martin, Attorney, Merit Systems Protection Board, of Washington, DC, argued, for appellee. With him on the brief were Llewellyn M. Fischer, Gen. Counsel and Martha B. Schneider, Asst. Gen. Counsel.

Before ARCHER, Chief Judge,* RICH and CLEVENGER, Circuit Judges.

ARCHER, Chief Judge.

The Office of Personnel Management (OPM) petitions for review of the decision of the Merit Systems Protection Board (Board) denying on the merits OPM's petition for reconsideration of the Board's decision in *Nazelrod v. Department of Justice*, 50 M.S.P.R. 456 (1991). *Nazelrod v. Department of Justice*, 54 M.S.P.R. 461 (1992). The Board held that its 1991 *Nazelrod* decision correctly required the Agency to prove the elements of the criminal offense when it charged Nazelrod with theft. We affirm.

## DISCUSSION

### I.

The Bureau of Prisons (Agency) of the Department of Justice demoted Cathryn A. Nazelrod, an employee at the Federal Correctional Institution in Ashland, Kentucky, based primarily on a charge of theft. The notice relating to the theft charge stated in pertinent part:

Charge 1. Theft.

The specification in support of this charge is:

On approximately Oct. 25, 1988, you took $10.00 from an inmate's envelope in the institution mail room. You used this money for lunch. You admitted this to Mr. Craig Unger, Office of Inspections, on March 16, 1989.

Nazelrod had admitted in a sworn statement that she "took the $10 bill from the envelope to use for lunch."

On appeal of her demotion to the Board, the Administrative Judge (AJ) sustained the theft charge based on Nazelrod's admission. The AJ noted that Nazelrod "claimed she put another $10 back in the envelope in the safe on the next day" but held that "this factor

---

* Chief Judge Archer assumed the position of Chief Judge on March 18, 1994.

[does not] vitiate[ ] the finding that [she] had the criminal intent to appropriate the money for her own purposes."

Nazelrod then appealed to the full Board which ruled that the AJ erred in sustaining the theft charge. The Board noted that one of the elements of criminal theft is an intent to permanently deprive the owner of possession and use of the property and held that the Agency failed to prove this requisite intent. The Board stated:

When an agency chooses to charge an employee with conduct that constitutes a criminal offense, ... such as theft, it must prove the elements of the criminal conduct.

50 M.S.P.R. at 459.

OPM's petition to the Board for reconsideration of this decision was denied on the merits, and OPM now petitions this court for judicial review pursuant to 5 U.S.C. § 7703(d) (1988).

## II.

A. Under the statutory standard of review, this court must affirm a Board decision unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Miller v. Department of Army*, 987 F.2d 1552, 1554 (Fed.Cir. 1993).

■ B. The issue presented in this case is whether the Agency's charge of "theft" against Nazelrod requires it to prove that Nazelrod intended to permanently deprive the owner of possession or use of this property, as the Board held, or whether it was sufficient, as the AJ held, to prove only that Nazelrod intended to appropriate property to a use inconsistent with the owner's rights.[1]

OPM contends that the Board erred in its correlation of a theft allegation in a personnel action with criminal theft. It argues that an adverse action is not a criminal proceeding and that the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 7701 *et seq.* (1988 & Supp. V 1993), eliminated hypertechnical pleading requirements in adverse action proceedings. Thus, according to OPM, the Reform Act's notice provision is to afford employees with fair warning of the charges against them so that they can make informed replies.[2] Consequently, the notice provided to any employee (*i.e.*, the charge) must be read in light of the specifications and circumstances and should not be technically construed. *See Spearman v. United States Postal Serv.*, 44 M.S.P.R. 135, 139 (1990); *Pflanz v. Department of Transp.*, 21 M.S.P.R. 71, 73 (1984), *aff'd mem.*, 776 F.2d 1058 (Fed.Cir.1985).

The Board acknowledged that in its prior cases it had reached seemingly contrary conclusions regarding the requisite intent to sustain a theft charge. *Compare Major v. Department of Navy*, 31 M.S.P.R. 283, 285 (1986) ("The charge of theft ... incorporates the intent to appropriate [another's] property to a use inconsistent with the owner's rights and benefits."); *Joy v. Department of Navy*, 24 M.S.P.R. 652, 655 (1984) ("The criminal intent inherent in the charge of theft ... requires that the agency show that the employee intended to appropriate the property to a use inconsistent with the [owner']s rights and benefits.") (citation omitted), *aff'd mem.*, 785 F.2d 322 (Fed.Cir.1985) *with Franklin v. Department of Navy*, 9 M.S.P.B. 353, 10 M.S.P.R. 83, 85 (1982) ("Stealing implies the common law crime of larceny, which generally requires a showing of an intent to permanently deprive the owner of his property.") (citation omitted).

The Board held that one of the elements of theft is the intent to permanently deprive the owner of possession and use of his or her property. 50 M.S.P.R. at 459–60. *See Morissette v. United States*, 342 U.S. 246, 271–72,

---

1. The OPM does not challenge the Board's finding that Nazelrod did not have the intent to permanently deprive the owner of the ten dollars taken from the envelope.

2. The Board and Nazelrod argue that the fair notice issue was not initially before the AJ or the Board and should not be considered by this court. We need not decide this, however, because Nazelrod does not contest that she had notice and an opportunity to respond to the charge.

72 S.Ct. 240, 254, 96 L.Ed. 288 (1952) ("To steal means to *take away from one* in lawful possession without right with the *intention to keep wrongfully.*") (citation omitted); *Webster's New Collegiate Dictionary* 1200 (1979) (defining theft as "the act of stealing," specifically, "the felonious taking and removing of personal property with the intent to deprive the rightful owner of it"); *Black's Law Dictionary* 1324 (5th ed. 1979) ("Theft is any ... act[ ] done with the intent to deprive the owner *permanently* of the possession, use or benefit of his property ..."). (Emphasis added). We cannot say that this holding by the Board is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

In this case, we are convinced that the Agency intended to charge Nazelrod with the crime of theft. While recognizing that an adverse action proceeding under the CSRA does not demand the same technical pleadings and burdens of proof as a criminal proceeding, there is record evidence to support the AJ's finding that "[t]he agency chose to charge [Nazelrod] with committing the criminal offense of theft." Moreover, "theft" is well recognized as referring to criminal conduct. If sustained, the charge in this case essentially would have branded Nazelrod a criminal, a thief. She would thereby be stigmatized more than if she had been charged with a lesser, non-criminal charge—such as a violation of a regulation or an employee conduct standard. It would be unfair to Nazelrod to permit the Agency to brand her a criminal without requiring it to prove the elements commonly associated with the crime. Accordingly, we conclude that the Board was correct in requiring the Agency to prove the requisite criminal intent to sustain the charges of theft against Nazelrod.

C. Based on its view that the CSRA only requires fair notice to the employee of the misconduct, OPM also argues that when the heading "Theft" is read in light of the specification, Nazelrod simply was charged with taking ten dollars and using it to buy lunch, not with the common law crime of larceny. OPM contends that the heading "Theft" was merely a label to describe the facts set forth in the specification. Because the Agency

proved that Nazelrod took the ten dollars and used it to buy lunch, OPM argues that the Agency proved its charge and satisfied the requirements of the CSRA. The substance of OPM's argument seems to be that any charge against an employee, regardless of how it may be labelled, should be sustained if the Agency proves what is set out in the specification as the misconduct. Thus, OPM states in its brief: "That the bureau here chose to caption as 'theft' the conduct more fully described in its accompanying specification changes nothing, and cannot elevate the standard of proof needed to establish that Ms. Nazelrod took and used another's money, as was charged and admitted."

We reject this position because it conflicts with the controlling case law of this court. We have mandated that the agency must prove all of the elements of the substantive offense with which an individual is charged. *See Phillips v. General Servs. Admin.*, 878 F.2d 370, 372 (Fed.Cir.1989); *Naekel v. Department of Transp.*, 782 F.2d 975, 977 (Fed.Cir.1986); *Downes v. Federal Aviation Admin.*, 775 F.2d 288, 292 (Fed.Cir. 1985). *See also Green v. Department of Army*, 25 M.S.P.R. 342, 345 (1984), *aff'd mem.*, 785 F.2d 326 (Fed.Cir.1985). Moreover, it is the burden of the agency to prove the requisite intent if intent is an element of the offense charged.

In *Phillips*, the employee was charged with insubordination for failure to deliver to her superior within the time set by her superior documentary evidence that the balance on her government sponsored Diners Club card had been paid. Because the agency failed to prove the requisite intent to constitute the offense charged, this court determined that the agency had failed to meet its burden. Similarly, in *Naekel*, we held that because there was no evidence that Naekel intentionally misled the agency, the charge of "submitting false information on official government documents" was not sustained. Finally, in *Downes* the agency charged "sexual harassment," but this court held that the agency failed to prove the elements of sexual harassment. The court assumed for purposes of its discussion that the specifications underlying the charges had

been established, but because these did not prove the offense of sexual harassment, the charge was not sustained. In each of these cases the agency was required to establish the substantive offense charged, even if it required proof beyond the factual underpinnings in the specifications.

 Here the Agency chose to charge Nazelrod with the offense of theft, not some lesser offense. The Agency is required to prove what is charged, not some lesser offense that might be sustainable by the facts of the specifications. For these reasons, we conclude that OPM's argument is inconsistent with our case law and must be rejected.

Under the element of intent as defined by the Board, the Agency in this case had to prove that Nazelrod intended to permanently deprive the owner of possession of the ten dollars she took from the envelope. The AJ found that Nazelrod did not intend to permanently deprive the owner of the ten dollars, and OPM does not contest this finding. Therefore, the Board properly held that the Agency failed to sustain the charge of theft.

### CONCLUSION

For the foregoing reasons, the decision of the Board is

*AFFIRMED.*