# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| REBECCA HUGHES,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-18-0087-I-1 |
| 　　　v. | |
| DEPARTMENT OF AGRICULTURE,<br>　　　　　Agency. | DATE: April 25, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Amanda L.E. Smith, Esquire, Buffalo, New York, for the appellant.

Joshua Norris Rose, Esquire, and Stephanye Snowden, Esquire,
　　Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal for misconduct.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The following facts are undisputed. The appellant was a GS-8 Consumer Safety Inspector for the agency's Food Safety Inspection Service, stationed at a chicken slaughter facility owned by Peco Foods, Inc., which is an agency-regulated entity. Initial Appeal File (IAF), Tab 1 at 4, Tab 10 at 16, 39, Tab 33 at 5. The appellant's job duties entailed observing the Peco facility's operations to ensure humane and sanitary poultry-handling practices. IAF, Tab 33 at 5.

On June 7, 2017, the appellant removed a wire, a switch, and brackets attached to a wooden pole next to the designated employee smoke break area. She then placed these items in the bed of her truck. *Id.*; Hearing Transcript (Tr.), Vol. 1 at 293 (testimony of the appellant). On August 4, 2017, the agency issued the appellant a notice of proposed removal, based on one specification of "Unauthorized Removal of Private Property." IAF, Tab 10 at 25-30. The agency specified that the appellant cut and removed cable from an electrical light pole owned by Peco Foods, and that she did not have permission from Peco Foods to do so. *Id.* at 25. After the appellant responded, the agency issued a decision removing her effective October 24, 2017. *Id.* at 16-24.

The appellant filed a Board appeal, challenging the merits of the removal and raising affirmative defenses of harmful procedural error, disability discrimination, and retaliation for grievance, whistleblower, and equal employment opportunity activity. IAF, Tab 1, Tab 42 at 1-2. After a hearing, the administrative judge issued an initial decision upholding the removal. IAF, Tab 48, Initial Decision (ID). She found that the agency proved its charge and established a nexus to the efficiency of the service, ID at 3-6, 26-27, that the appellant failed to prove any of her affirmative defenses, ID at 6-26, and that there was no basis to disturb the agency's penalty determination, ID at 27-31.

The appellant has filed a petition for review, challenging the reasonableness of the penalty. Petition for Review (PFR) File, Tab 3. The agency has filed a response to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 5-6.

## ANALYSIS

Where, as here, the agency's charge is sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Jacoby v. U.S. Postal Service*, 85 M.S.P.R. 554 (2000). In making such a determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Id*. The Board will, therefore, modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the agency's judgment clearly exceeded the bounds of reasonableness. *Id*. The Board has identified a list of twelve nonexhaustive factors that are generally relevant in determining a penalty for misconduct. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

The deciding official in this case considered each of these twelve factors in deciding that removal was the appropriate penalty. IAF, Tab 10 at 18-20. The appellant made numerous arguments concerning these factors and the deciding official's penalty determination, but the administrative judge found that there was insufficient basis to mitigate. ID at 27-31. On petition for review, the appellant addresses five of these factors: (1) the nature and seriousness of the offense, (2) her disciplinary history, (3) her potential for rehabilitation, (4) the effect that her offense had on her supervisors' confidence in her ability to perform her assigned duties, and (5) her length of service. PFR File, Tab 3 at 7-26.

Regarding the nature and seriousness of the offense, the deciding official found that the appellant's conduct was serious because it involved damage to the property of a regulated entity, which required the agency to detail the appellant to a different location at significant expense to the agency. IAF, Tab 10 at 18. The appellant argued that the materials she removed from the pole were of de minimis value and that her actions were neither malicious nor for personal gain, but the administrative judge found that these facts, to the extent that they were true, were insufficient to detract from the agency's penalty determination overall. ID at 28-31. On petition for review, the appellant again points out that the materials she removed were of minimal monetary value, that her conduct was not malicious or for personal gain, and that she removed the wire to remedy a safety concern. PFR File, Tab 3 at 7-9, 17-23.

We have considered the appellant's arguments, but we find that they provide no basis to disturb the initial decision. As the administrative judge stated in her initial decision, even though the appellant ostensibly removed the wires to address a safety hazard, she herself created that hazard by moving a bench from where Peco Foods had placed it to over near the electrical pole. ID at 29; Tr., Vol. 1 at 283-85 (testimony of the appellant). Although the appellant had her reasons for doing so, i.e., to provide a more comfortable seat for an injured

coworker, Tr., Vol. 1 at 283-84 (testimony of the appellant), her actions were clearly imprudent.

As for the de minimis value of the materials that the appellant removed, we agree with the appellant that this is a relevant consideration in the penalty determination. PFR File, Tab 3 at 7-9, 17-21; *see Miguel v. Department of the Army*, 727 F.2d 1081, 1084 (Fed. Cir. 1984); *Skates v. Department of the Army*, 69 M.S.P.R. 366, 368 (1996). It is also relevant that the appellant's intent does not appear to have been to steal these materials but instead to get them out of the way. *See Harris v. Department of the Navy*, 15 M.S.P.R. 464, 467 (1983) (finding that unauthorized possession of government property is less serious than theft or attempted theft of government property). The Board has held that theft entails an intent to permanently deprive the owner of the possession or use of property. *Nazelrod v. Department of Justice*, 50 M.S.P.R. 456, 459 (1991), *aff'd sub nom. King v. Nazelrod*, 43 F.3d 663 (Fed. Cir. 1994). In this case, the appellant was not charged with theft, and it does not appear that she had any plans for the disposition of the materials because they were still in the bed of her truck on Peco Foods property several days later when the agency confronted her about the incident. Tr., Vol. 1 at 293-94 (testimony of the appellant).

However, we disagree with the appellant that the deciding official failed to consider these factors in arriving at her decision. PFR File, Tab 3 at 8-9, 18-21; *cf. Brown v. Department of the Treasury*, 91 M.S.P.R. 60, ¶ 17 (2002) (finding that when a deciding official fails to consider the pertinent penalty factors, the agency's penalty determination is not entitled to deference). Although the appellant cites excerpts of the deciding official's hearing testimony that appear to support her contention, the tenor of the decision letter and the deciding official's testimony as a whole is that the problem with the appellant's conduct had less to do with her intentions and the value of the property than it did with the strain that

it put on the agency's relationship with Peco Foods.[2]  IAF, Tab 10 at 18; Tr., Vol. 1 at 59-60, 64, 66-67, 81, 83 (testimony of the deciding official).  We find that this assessment of the facts was reasonable and distinguishes this case from others involving theft or removal of agency property, where a de minimis misappropriation might more easily be forgiven at the agency's discretion.  *Cf. Miguel*, 727 F.2d 1081; *Skates*, 69 M.S.P.R. 366.  The deciding official's testimony reflected this consideration, where she related that it was Peco Foods's authority to determine the value of its own property.  Tr., Vol. 1 at 83 (testimony of the deciding official).  It is also consistent with Board and Federal Circuit precedent, finding the de minimis value of property immaterial where there are other overriding factors involved.  *See DeWitt v. Department of the Navy*, 747 F.2d 1442, 1445-46 (Fed. Cir. 1984) (finding the de minimis value of property immaterial where the employee had custody and control over the property); *Underwood v. Department of Defense*, 53 M.S.P.R. 355, 359 (same), *aff'd sub nom. Underwood v. Defense Logistics Agency*, 980 F.2d 744 (Fed. Cir. 1992) (Table).  Regarding the appellant's intentions, although her actions might not have been malicious or for personal gain, they were at least carried out with reckless disregard for the rights of Peco Foods.  The appellant did not, in a moment, thoughtlessly dispose of corporate property that she found lying on the ground.  Rather, it took her 13 minutes and a set of tools to remove the materials from the electrical pole.  Tr., Vol. 1 at 91-92 (testimony of the deciding official), 285-87 (testimony of the appellant).  For these reasons, we agree with the administrative judge that the agency did not abuse its discretion in finding the appellant's misconduct to be of a serious nature.  IAF, Tab 10 at 18.

The appellant also challenges the agency's consideration of her disciplinary record in arriving at its removal decision.  It appears to be undisputed that the appellant had two instances of prior discipline in her 24-year career with the

---

[2] The appellant's removal was precipitated by a complaint that Peco Foods made to the agency about this incident.  Tr., Vol. 1 at 18 (testimony of the proposing official); IAF, Tab 10 at 43-44, 50.

agency, both of which had occurred relatively recently. IAF, Tab 10 at 19. Specifically, the agency issued the appellant a letter of reprimand on June 15, 2016, for falling asleep on the line and reporting to work late without following the prescribed call-in procedures. IAF, Tab 11 at 26-29. The agency subsequently suspended the appellant for 7 days effective January 8, 2017, for the same type of misconduct. *Id.* at 10-22. The deciding official considered this disciplinary record to be an aggravating factor. IAF, Tab 10 at 19. On petition for review, the appellant argues that the deciding official erred in doing so because the prior discipline was for dissimilar misconduct and was related to her disability. PFR File, Tab 3 at 8, 10-17.

We agree with the appellant that the Board may discount a prior disciplinary action that is unrelated in nature to the misconduct at issue in the appeal. *Id.* at 11-15. However, the agency has primary discretion in assessing the penalty factors, and we find that the deciding official did not abuse her discretion in considering the appellant's disciplinary history adversely. *See Devall v, Department of the Navy*, 77 M.S.P.R. 468, 471 (1998) (finding that the agency has primary discretion in selecting the appropriate penalty, and that the Board will review the agency's determination under an abuse of discretion standard). We find that this case is factually similar to *Howlett v. Department of Veterans Affairs*, 53 M.S.P.R. 604, 606 (1992), in which the Board found that the appellant's prior admonishment and suspension for absence without leave could be properly considered in determining the appropriate penalty for theft, even though the prior discipline was for a different type of misconduct.

As for the appellant's disability, the record shows that she has a blood condition that causes her fatigue, and she attributes the incidents underlying her prior discipline to this condition. Tr. Vol. 1 at 265, 272-75 (testimony of the appellant). Although the appellant's explanation for the prior incidents is entirely plausible, we find that it is not appropriate in this case to relitigate the propriety of the appellant's suspension and letter of reprimand. The Board's review of a

prior disciplinary action is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline. *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981). We find that the letter of reprimand and the 7-day suspension satisfy the *Bolling* criteria because both of them were in writing and placed in the appellant's Official Personnel File, and the appellant was notified of her right to grieve both of them. IAF, Tab 10 at 10-15, 26-29; *see Lambert v. Department of the Army*, 44 M.S.P.R. 688, 699 (1990), *aff'd*, 928 F.2d 410 (Fed. Cir. 1991) (Table). Although an argument could perhaps be made on the current record that these prior disciplinary actions were discriminatory, an equally strong argument could be made that they were not, and we find that these disciplinary actions fall far short of being "clearly erroneous" on that account. *See Bolling*, 9 M.S.P.R. at 339 (finding that a prior disciplinary action is clearly erroneous when the Board is left with "the definite and firm conviction that a mistake has been committed"). For these reasons, we agree with the administrative judge that the deciding official properly considered the appellant's prior discipline as an aggravating factor. ID at 23, 30.

In connection with her argument about prior discipline, the appellant argues that the deciding official failed to properly consider her rehabilitative potential. PFR File, Tab 3 at 7, 10, 14-17, 19. The deciding official found that the appellant lacked rehabilitative potential because she failed to express remorse for her actions, which had become part of a "pattern of misconduct." IAF, Tab 10 at 20; Tr., Vol. 1 at 85 (testimony of the deciding official). The appellant, however, argues that her prior discipline is a poor indicator of her rehabilitative potential because it was unrelated to the misconduct at issue. She argues that, if anything, she has demonstrated rehabilitative potential because the type of misconduct for which she was previously disciplined has not recurred. PFR File, Tab 3 at 10, 14-17. We disagree. Although the appellant's prior discipline may have little

bearing on her propensity to commit the type of misconduct at issue in this appeal, it does call into doubt her ability to follow the rules of the workplace in general. The agency is not required to afford the appellant a new chance at rehabilitation every time she commits a new type of misconduct. *See Villela v. Department of the Air Force*, 727 F.2d 1574, 1577 (Fed. Cir. 1984). The appellant further argues that the deciding official failed to consider her "clear signs of contrition." PFR File, Tab 3 at 7, 19. We have reviewed the record in this regard and find the evidence of the appellant's contrition to be equivocal at best. The appellant testified that she "thought" she expressed remorse during her oral reply to the notice of proposed removal, Tr., Vol. 1 at 319 (testimony of the appellant), but neither the notes from her oral reply conference nor anything else in the record give any indication that she did so, IAF, Tab 10 at 23-24, 35-36, 46-48. In any event, under the totality of the circumstances, we find insufficient basis to disturb the deciding official's determination regarding the appellant's rehabilitative potential.

The appellant also disputes the administrative judge's finding that her "interference with Peco's private property caused the agency to lose confidence in the appellant's ability to perform her duties." PFR File, Tab 3 at 23-26; ID at 27. The appellant argues that this *Douglas* factor pertains to the supervisor's confidence in her ability to carry out her assigned duties, and that the misconduct at issue has no bearing on that. In fact, the appellant's supervisor, the proposing official in this case, expressed that the appellant was competent to perform in her job. PFR File, Tab 3 at 23-26. To the extent that the appellant is advancing a mechanistic approach to the application of this *Douglas* factor, we reject that approach. 5 M.S.P.R. at 306. We find that, under the particular facts of this case, the deciding official's evaluation of this factor was wholly reasonable. She wrote in her decision letter that, while the appellant had the technical skill to do her job, her ability to be effective and to follow the directives, policies, and regulations

consistently has suffered because of her conduct. IAF, Tab 10 at 19; *see Harrison v. Department of the Treasury*, 22 M.S.P.R. 462, 456-66 & n.3 (1984).

Finally, the appellant argues that the deciding official failed to give weight to her 24 years of good service, with no disciplinary actions prior to the 16 months leading up to her removal. PFR File, Tab 3 at 23-24. We agree with the appellant that her service history is a significant mitigating factor. *See Smith v. U.S. Postal Service*, 31 M.S.P.R. 508, 510 (1986). However, we cannot find that the deciding official abused her discretion in finding that this factor did not outweigh the gravity of the appellant's misconduct or the other penalty considerations as a whole. IAF, Tab 10 at 19; Tr., Vol. 1 at 81 (testimony of the deciding official); *see Suarez v. Department of Housing & Urban Development*, 96 M.S.P.R. 213, ¶ 51 (2004), *aff'd*, 125 F. App'x 1010 (Fed. Cir. 2005).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underlined received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.